IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DON PINKERTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-727-T |
| | ) |
| HASKELL HIGGINS, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed his "Petition Under 28 USC §2254 for Writ of Habeas Corpus by a Person in State Custody" on June 23, 2005. The matter was referred to United States Magistrate Bana Roberts for initial proceedings. On July 29, 2005, Judge Roberts issued a Report and Recommendation in which she recommended Petitioner's Petition be dismissed upon filing for failure to state a cognizable federal habeas claim. Petitioner timely file an objection to the Report and Recommendation on August 17, 2005. The matter is at issue.

    A.    **Standard of Review**:

The court of appeals' "firm waiver rule" holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" will avoid application of the firm waiver rule); Nolan v. Martin, 188 F.3d 519, 1999 WL 565681 at *2 (10th Cir. 1999) (a general objection to Magistrate

Judge's Report and Recommendation is insufficient to preserve an issue for further review) (unpublished opinion cited pursuant to Tenth Cir. Rule 36.3).

With respect to objections that are both timely and specific, the Tenth Circuit Court of Appeals has stated:

> Because [petitioner] filed his petition for habeas relief after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply. See Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir.1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA provides that if a claim is adjudicated on the merits in state court, . . . habeas relief [will be granted] to a petitioner only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).
>
> Under the "contrary to" clause, . . . relief [is granted] only "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, relief is provided only "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Thus . . . a habeas writ [may not issue] simply because [the Court] conclude[s] . . . "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.
>
> Conversely, if the state court did not decide a claim on the merits, and the claim is not otherwise procedurally barred, we address the issue *de novo* and the § 2254(d)(1) deference requirement does not apply. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999).

Gipson v. Jordan, 376 F.3d 1193, 1195-96 (10th Cir. 2004) (parallel citations omitted).

**B.   Analysis of Petitioner's Objection**:

Judge Roberts recommended Petitioner's Petition be dismissed because the one claim contained therein failed to state a claim cognizable in a habeas case.[1]  Specifically, Judge Roberts recommended the Court dismiss Petitioner's Petition because Petitioner sought only to "appeal[ ] the adverse ruling of the Oklahoma Court of Criminal Appeals in case number PC-2005-0113. . . ."  Judge Roberts based her recommendation on Robinson v. State, 404 F.Supp. 1168, 1170 (W.D. Okla. 1975) (a habeas action is not "an additional appeal from [a] state court conviction"); Phillips v. Ferguson, 182 F.3d 769, 772-73 (10th Cir. 1999) (errors in state court post-conviction procedure are not cognizable in a habeas case); Steele v. Young, 11 F.3d 1158, 1521, 1524 (10th Cir. 1993); and Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998).[2]

The Court has reviewed Petitioner's six-page objection to the Report and Recommendation. Nowhere therein does Petitioner address the controlling point of law identified by Judge Roberts.  Rather, Petitioner ignores the essence of the Report and Recommendation and attempts to argue the merits of the claims he unsuccessfully raised on state post-conviction.  As it is clear, based on the authorities cited in the

---

[1] *As noted by Judge Roberts, Petitioner's single claim for relief is:*

*The Oklahoma Criminal Court of Appeals [sic] denied Petitioners [sic] post-conviction relief application due process of law by it's [sic] failure to address the issue raised in his petition for post-conviction relief as Petitioner was wongingfully [sic] charged and convicted for commission of violating Title 63 O.S. § 2-401(F).  Unlawful possession of three or more dangerous substances with intent to manufacture methamphetamine in violation of is Fith [sic], Sixth, and Forteenth [sic[ Amendment to the United States Constitution."*

(Petition's Brief (Doc. No. 2) at 4.)

[2] *In addition to recommending the Court dismiss Petitioner's Petition for failure to state a cognizable claim, Judge Roberts also noted that any substantive claims raised by Plaintiff would be time barred.  (Report and Recommendation at 4, n. 3 (citing 28 U.S.C. §2244(d)(1)(A).)  Petitioner did not objection or otherwise discuss this recommendation.*

Report and Recommendation, that Petitioner's claim is not cognizable in a habeas case, his Petition must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the July 29, 2005, Report and Recommendation in its entirety; OVERRULES Petitioner's August 17, 2005, objection thereto; and DISMISSES Petitioner's Petition.

IT IS SO ORDERED this 22nd day of August, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE